# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LARRY RAY WEAVER**                                                                 **PETITIONER**

**V.**                                                                  **NO. 4:16-CV-226-DMB-DAS**

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS; JASMINE TAYLA;**
**KEVIN JACKSON; WARDEN ARTHUR**
**L. SMITH; and GLORIA ALEXANDER**                                       **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Larry Ray Weaver's pro se action, which this Court construes as a petition for a writ of habeas corpus. Doc. #1.

### I
### Procedural History

#### A. Initial State Court Proceedings

Larry Weaver pleaded guilty to identity theft in the Circuit Court of DeSoto County, Mississippi, and was sentenced by order filed November 30, 2015, to serve a term of ten years in the custody of the Mississippi Department of Corrections, with five years of post-release supervision. Doc. #13-1 at 18–21. At the time of this sentencing, Weaver was under an Arkansas 120-month probation sentence for burglary. *Id.* at 18, 28; *see also* Doc. #1 at 17–19. The Mississippi sentencing order provided that Weaver's Mississippi sentence was to run concurrent to the sentence he "is currently serving in Arkansas." Doc. #13-1 at 18.

In March 2016, Weaver filed a "Motion for Correct Sentence" in the DeSoto County Circuit Court that was treated as a motion for post-conviction relief and was denied on June 20, 2016.[1] Doc. #13-1 at 45–48, 50–52. In August 2016, Weaver filed in the DeSoto County Circuit

---
[1] A duplicate order was filed June 30, 2016. *See* Doc. #7-1; Doc. #7-3; *see also* Doc. #12-1; Doc. #12-3.

Court a "Motion to Consider Suspending Remainder of Sentence." Doc. #7-1; Doc. #12-1. At approximately the same time, Weaver filed with the Mississippi Supreme Court a "Motion for Correct Sentence," which challenged the sentence imposed by the DeSoto County Circuit Court. Doc. #13-1 at 2–11.

### B. This Action and State Court Exhaustion

On or about November 8, 2016, Weaver filed in this Court a "Prisoner's Complaint Challenging Conditions of Confinement" and a motion to proceed in forma pauperis. Doc. #1; Doc. #2. In his complaint, Weaver seeks an order "[t]o do what my sentence order and the Darin Vance (Attorney) and Angela M. Huck (District Attorney) Promise. Let me go to Arkansas." Doc. #1 at 5.

On November 14, 2016, the DeSoto County Circuit Court denied Weaver's "Motion for Correct Sentence."[2] Doc. #7-4; Doc. #12-4.

Two days later, on November 16, 2016, United States Magistrate Judge David A. Sanders issued an order in this action which: (1) granted Weaver's motion to proceed in forma pauperis; (2) construed Weaver's complaint as a petition; and (3) directed the respondents to answer the petition. Doc. #4.

On January 10, 2017, the respondents filed a motion to dismiss Weaver's petition for failure to exhaust on the ground that he had a pending motion with the Mississippi Supreme Court. Doc. #7. However, on February 1, 2017, while the respondents' motion was pending, the Mississippi Supreme Court denied Weaver's motion. Doc. #13-1 at 1.

On February 13, 2017, Judge Sanders, citing the February 1, 2017, order, directed the respondents to "either file an answer to the instant petition or amend the pending motion to

---

[2] Weaver did not seek to appeal either of the trial court's rulings. *See* Doc. #7-1.

dismiss." Doc. #9. The respondents filed their answer on May 3, 2017. Doc. #12.

> On May 9, 2017, Judge Sanders entered an order stating in relevant part:
>
> The Court intends to construe Weaver's pleading as a federal habeas petition. Because an unsuccessful first §2254 motion could prevent Weaver from seeking further review of his Mississippi conviction and/or sentence, Weaver will be allowed an opportunity to withdraw his motion or amend his pleading, if he desires to do so. Therefore, it is **ORDERED** that within twenty-one (21) days of this order, Weaver must notify the Court whether he intends to proceed with this case pursuant to §2254, or whether he wishes to withdraw the pleading.

Doc. #14.

> On or about May 14, 2017, Weaver filed an "Answer" which states in relevant part:
>
> All I can say is, I (Weaver) was lied to by Damin Vance (Lawyer) and/or Angela Huck (District Attorney) to get Weaver to make the plea deal and/or MDOC is refusing to let my Mississippi sentence run concurrent with Weaver Arkansas Sentence!
> …
> Petitioner Admit: Weaver does not know what to amend his pleading too!
>
> All Weaver does know is on Nov 25, 2017, Weaver will mak[e] Parole and/will be sent to Arkansas to serve out his sentence there and every day Weaver has done in MDOC will not count on it. Which is not what I was told the Day I made the Plea Deal!

Doc. #16 at 1–2 (paragraph numbering omitted).

## II
## Nature of Petition

Although not entirely clear, it appears Weaver argues that: (1) his plea agreement called for a sentence concurrent with his Arkansas sentence; (2) he was properly sentenced to a concurrent sentence; but (3) his incarceration in Mississippi (rather than Arkansas) renders his sentence consecutive rather than concurrent.

As a general rule, a state prisoner may seek habeas relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration ...." *Pack*

3

*v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In contrast, a section 2254 petition challenges "the validity of a state conviction or sentence ...." *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015). Because Weaver challenges the execution of his sentence, the Court concludes that his petition is properly construed under § 2241.

### III
### Analysis

"A section 2241 petition may be granted if the inmate is in custody in violation of the Constitution or laws of the United States." *Figueroa v. Chapman*, 347 F. App'x 48, 49 (5th Cir. 2009) (internal quotation marks omitted). Although again less than clear, it appears Weaver argues he is entitled to § 2241 relief because the state court ordered his sentence to run concurrently and because he pled guilty with the expectation that the sentences would run concurrently.

First, a state's failure to transfer a prisoner for the purpose of effecting a concurrent sentence does not state a claim under § 2241 because such failure implicates state law, not federal law. *Brown v. Morris*, 231 F. App'x 312, 313 (5th Cir. 2007).

Second, while an unfulfilled promise obtained in exchange for a guilty plea could affect the voluntariness of a plea and entitle a prisoner to habeas relief,[3] such a claim, which could invalidate the plea and sentence, would likely sound in § 2254 rather than § 2241. *See Yusuff*, 218 F.3d at 451 (§ 2254 petition challenges validity of conviction or sentence). Regardless, there is no evidence before the Court that Weaver was induced to plead guilty based on any representation other than that he would receive a concurrent sentence. Indeed, Weaver states in his petition that he was "advised prior to ... pleading guilty that it was up to the State of Arkansas

---

[3] *See Hunter v. Tamez*, 622 F.3d 427, 432 (5th Cir. 2010) (noting voluntariness was at issue where "guilty plea was predicated on ... understanding" of concurrent sentencing); *Jones v. Estelle*, 548 F.2d 687, 689 (5th Cir. 1978) ("[T]he plea must be voluntary. It cannot be considered voluntarily made if it is based on unfilled promises of the prosecutor.").

4

to pick [him] up in order" for his Mississippi sentence to run concurrently with his Arkansas sentence. Doc. #1 at 4. Weaver further alleges in the petition that "Mississippi Department of Corrections is saying no they do not run time with other states." *Id*. Notably, Weaver does not allege that Arkansas ever attempted to pick him up or that Mississippi prevented such a transfer. Put differently, Weaver has not alleged that the promise "that it was up to the State of Arkansas to pick [him] up" has been violated. Accordingly, the Court finds that Weaver cannot demonstrate an unfulfilled promise and, therefore, is not entitled to federal habeas relief.

## IV
## Conclusion

For the above reasons, Weaver's petition [1] is **DENIED**.

**SO ORDERED**, this 19th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**